# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER JAMES EASLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-410-R |
| ) | |
| ROBERT PATTON, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Christopher James Easley, an Oklahoma state prisoner appearing pro se, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1, "Petition").[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the Petition, the undersigned recommends that it be dismissed.

## BACKGROUND

*A. State Court Proceedings*

In August 2013, Petitioner pled guilty to felony child abuse by injury, after former conviction of a felony, in the District Court of Stephens County, Oklahoma. Pet. at 1; *State v. Easley*, No. CF-2013-0015 (Stephens Cnty. Dist. Ct. filed Jan. 22, 2013);[2] *see also* Okla. Stat. tit. 21, § 843.5(A). In November 2013, Petitioner was sentenced to

---

[1] Citations to documents filed in this Court use the page numbers assigned by the Court's electronic filing system.

[2] An electronic version of the docket in Case No. CF-2013-0015 is publicly available at http://www1.odcr.com/detail?court=069-&casekey=069-CF++1300015.

thirty-five years' imprisonment. *See* Pet. at 1; *State v. Easley*, No. CF-2013-0015. Petitioner has not pursued any relief from his conviction in state court. *See* Pet. at 2-10; *State v. Easley*, No. CF-2013-0015.

B. *Federal Habeas Petitions Under 28 U.S.C. § 2254*

In the Petition that is now before this Court, Petitioner asserts as his only ground for relief that he is "[b]eing held in prison while the actual guilty party is free and walking around after confessing and pleading guilty." *See* Pet. at 4. Petitioner alleges that another person, Jessica N. Burk, pled guilty to "the exact same charge" and that Petitioner's innocence has thus been established. *See* Pet. at 4, 10, 12. Petitioner states that he was not aware of this "'new evidence'" "until just recently." Pet. at 4; *see also* Pet. at 10 (asserting that Petitioner "[j]ust rec[ei]ved information that proves [his] innocen[c]e"). The relevant case docket indicates that Ms. Burk pled guilty in November 2014 to enabling child abuse by injury, *see* Okla. Stat. tit. 21, § 843.5(B), and was sentenced in February 2015 to ten years' imprisonment, which was suspended. *See State v. Burk*, No. CF-2013-0029 (Stephens Cnty. Dist. Ct. filed Feb. 4, 2013).[3]

ANALYSIS

A petition filed under 28 U.S.C. § 2254 is subject to dismissal upon filing "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, Rules Governing Section 2254 Cases in the United States District Courts. In his federal habeas Petition, Petitioner asserts that "'new

---

[3] An electronic version of the docket in Case No. CF-2013-0029 is publicly available at http://www1.odcr.com/detail?court=069-&casekey=069-CF++1300029.

evidence'" "proves [his] innocen[c]e." *See* Pet. at 4, 10. It plainly appears from the Petition, however, that Petitioner has never pursued any available remedies in Oklahoma state court and, thus, has not given the state courts an opportunity to act on the claim presented in his Petition. *See* Pet. at 2-10.

A person convicted of criminal offenses in a state court must exhaust available remedies in the courts of that state before making any federal habeas challenge to the convictions:

> Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1), (c); *Prendergast v. Clements*, 699 F.3d 1182, 1184-85 (10th Cir. 2012). When a petitioner's failure to exhaust available state-court remedies is clear from the face of the petition, the court may act on its own initiative to dismiss the petition. *See Allen v. Zavaras*, 568 F.3d 1197, 1198, 1201-02 (10th Cir. 2009).

In Oklahoma, available state court remedies include those provided in the state's Uniform Post-Conviction Procedure Act. *See* Okla. Stat. tit. 22, § 1080. Pursuant to that law, a state prisoner may challenge his or her conviction when, for instance, "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." *Id.* § 1080(d).

Because Petitioner has the right under Oklahoma law to raise such a claim, but has not done so, Petitioner is not entitled to relief in this Court. *See* 28 U.S.C. § 2254(b)(1),

(c); *Boerckel*, 526 U.S. at 844-45. Accordingly, the undersigned recommends that the Petition be dismissed without prejudice.[4] *See Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition (Doc. No. 1) be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by July 17, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation on Respondent and on the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

---

[4] "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see also Allen*, 568 F.3d at 1203. Petitioner is given notice by this Report and Recommendation of his opportunity to present his position by filing an objection to the Report and Recommendation.

ENTERED this 26th day of June, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE